IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ADVANCED MEMORY TECHNOLOGIES §
LLC, §
 §
　　　　Plaintiff, §
 §
 §
v. § 1:25-CV-1036-RP
 §
MICRON TECHNOLOGY, INC., §
 §
　　　　Defendant. §

## ORDER

Before the Court is Plaintiff Advanced Memory Technologies, LLC's ("AMT") Motion for

Leave to Conduct Venue Discovery. (Mot. for Disc., Dkt. 40).[1] Defendant Micron Technology Inc.

("Micron") filed a Response, (Dkt. 44),[2] and AMT filed a Reply, (Dkt. 46).[3]  For the reasons that

follow, the Court will grant in part and deny in part the motion to conduct venue discovery.

## I. BACKGROUND

AMT filed this action for patent infringement against Micron on June 30, 2025. (Dkt. 1). The

Accused Products are "all NAND flash memory modules manufactured, sold, and/or offered for

sale by Micron including but not limited to solid-state drives ('SSDs'), including internal SSDs and

portable SSDs; USB flash drives; PCI devices; flash package dies; and flash bare dies" and "all

DRAM modules (including, but not limited to, DDR LPDDR, HBM, and any other variants)

manufactured, sold, and/or offered for sale by Micron." (Am. Compl., Dkt. 33, at 8–9).[4] AMT

---

[1] A redacted, unsealed copy of AMT's Motion for Leave to Conduct Venue Discovery is docketed at Dkt. 54.
[2] A redacted, unsealed copy of Micron's Response is docketed at Dkt. 53.
[3] A redacted, unsealed copy of AMT's Reply is docketed at Dkt. 55.
[4] According to the Amended Complaint, "NAND flash memory is a type of non-volatile memory, meaning data is not lost after power is turned off. DRAM, short for dynamic random access memory, is a type of volatile memory and DRAM devices require power to retain data. At a high level, the key differences relate to speed and energy consumption: DRAM memory is faster than NAND flash, but DRAM also consumes more power." (Am. Compl., Dkt. 33, at 8).

pleads that Micron's office in Austin, Texas—called the "Micron Storage Solutions Center"—is where Micron purports to "lead[] its research in storage software and [is] where Micron engineers are uncovering a path to better architect storage software and operating systems." (*Id.* at 3). It further pleads that Micron "engages in memory device design, development, and ongoing customer support in this District," that many of Micron's customers for the Accused Products have significant operations in this District, and that Micron is "actively expanding its presence and activities in Texas."[5] (*Id.* at 3–5).

On October 14, 2025, Micron filed an Answer. (Dkt. 27). Subsequently, on October 31, 2025, Micron filed an opposed motion to transfer venue under 28 U.S.C. § 1404(a) to the District of Idaho or Northern District of California. (Mot. to Transfer, Dkt. 32).[6] Micron argues that it is headquartered in Boise, Idaho, and that the majority of its design and development work for the Accused Products occurs in Micron's Boise and Northern California facilities. (*Id.* at 5). Micron also argues that AMT has no connection to the Western District of Texas[7] and that there are likely no witnesses located in the Western District of Texas. (*Id.* at 6, 13). Micron's motion, which was filed under seal, includes sealed exhibits containing headcounts of Micron's employees by location. On November 19, 2025, AMT filed a motion under seal seeking leave to conduct venue discovery under seal, asking the Court to allow a ninety-day discovery period. (Mot. for Disc., Dkt. 40, at 13).

---

[5] The Court notes that the article cited by AMT in support of its allegation that Micron is actively expanding in Texas is an article about a new office in Richardson, Texas. (Am. Compl., Dkt. 33, at 3 n.4). Richardson, Texas is located partly within the Northern District of Texas and partly within the Eastern District of Texas; no section of Richardson, Texas is located within the Western District of Texas.

[6] A redacted, unsealed copy of Micron's Motion to Transfer is docketed at Dkt. 52.

[7] According to AMT's Amended Complaint, AMT's principal place of business is in Allen, Texas. (Am. Compl., Dkt. 33, at 1). AMT's principal place of business is therefore located within the Eastern District of Texas.

## II. LEGAL STANDARD

Pursuant to the Patent Venue Statute, 28 U.S.C. § 1400(b), "Any civil action for patent infringement may be brought in the judicial district where; the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). As to venue under the second prong of the statute, there are "three general requirements relevant to the inquiry: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

Regarding discovery, a district court has "broad discretion in all discovery matters," and "such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Kelly v. Syria Shell Petroleum Dev.*, 213 F.3d 841, 855 (5th Cir. 2000). "As the party opposing [transfer] and requesting discovery, the plaintiffs bear the burden of demonstrating the necessity of discovery." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (quoting *Davila v. United States*, 713 F.3d 248, 264 (5th Cir. 2013)). "A district court is within its discretion to deny [venue] discovery when there is no indication of fraud or misconduct in the defendant's affidavits, and there is no reason to believe that additional information would alter the outcome." *iCharts LLC v. Tableau Software, LLC*, No. 1:23-CV-1225-DII, 2024 WL 2305214, at *4 (W.D. Tex. May 21, 2024) (quoting *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-CV-667-ADA, 2020 WL 3403076, at *4 (W.D. Tex. June 19, 2020)).

### III. DISCUSSION

AMT asserts in its Motion for Leave to Conduct Venue Discovery that the three employee declarations relied upon by Micron in its Motion to Transfer present a misleading view of facts relevant to this Court's venue decision. (Mot. for Disc., Dkt. 40, at 6–7). AMT claims that the declarations are misleading by omission, as the declarations limit their scope to six exemplary products listed in its Amended Complaint, rather than containing information about **all** Micron DRAM and NAND flash memory modules. (*Id.* at 7). AMT relatedly argues that the declarations and Motion to Transfer omit any reference to sales of Accused Products in Texas or to Texas-based customers. (*Id.* at 11). According to AMT, the omitted facts could weigh against transfer in this case. (*Id.* at 9).

AMT broadly asserts that the limited discovery it wishes to conduct is "critical to the evaluation of the private interest factors at issue, including the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and other practical problems." (*Id.* at 12). It seeks permission to undertake discovery in the form of seven interrogatories, ten document requests, ten requests for admission, and depositions of Micron's three declarants and a Rule 30(b)(6) witness, for up to 3.5 hours each. (*Id.* at 13).

In response, Micron disagrees that the declarations attached to its Motion to Transfer misleadingly leave out key information. (Resp., Dkt. 44, at 5). To the contrary, Micron contends that the declarations about Micron's DRAM and NAND Flash products completely identify the relevant employees and do not limit the identification to employees who work on the six exemplary products. (*Id.* at 5–8). Micron also points out that its transfer motion is supported by a list providing the name and location of "*every* Texas-based Micron employee, full stop." (*Id.* at 6) (emphasis in original). Additionally, the declarants swear that the work of the employees in this District is

unrelated to the design of the technology in the field covered by AMT's patents. (*Id.* at 7). Micron asks the Court to deny AMT's motion in its entirety or, alternatively, to reject AMT's request for depositions. (*Id.* at 13).

In its Reply, AMT asserts again that Micron's declarations are improperly cabined to the six exemplary products named in its Amended Complaint. (Reply, Dkt. 46, at 4). It also argues that Micron "glosses over numerous Texas-based connections regarding HBM design, product sales, and customer support." (*Id.*). For example, AMT points out that the declaration about employees working on DRAM products appears to have omitted employees working on HBM products, contradicting Micron's assertion to the contrary.[8] (*Id.* at 5). Moreover, AMT argues that a list containing only current employees and their locations is not sufficient, as former employees may be relevant witnesses as well. (*Id.*). Finally, AMT argues that Micron was wrong to dismiss the relevance of evidence concerning Texas-based sales and customer support. (*Id.* at 7). Because AMT accuses Micron of induced and contributory infringement, it argues that the testimony of customer-facing personnel and other evidence relating to sales and customer support are relevant to its claims. (*Id.*).

The Court finds no reason to believe that Micron's declarants were engaged in fraud or misconduct. *See iCharts LLC*, 2024 WL 2305214, at *4. The Court is also doubtful that additional information will alter the outcome of its decision on Micron's Motion to Transfer. However, because the Court finds that AMT has presented a "'non-frivolous' basis for venue" based on Micron's presence in this District and non-frivolous arguments for why relevant witnesses or evidence may be located in this District, the Court will allow AMT to undertake limited discovery. *See Delta Elecs., Inc. v. Vicor Corp.*, 724 F. Supp. 3d 645, 658 (W.D. Tex. 2024) (citation omitted) ("Venue discovery may be warranted where a plaintiff 'present[s] a non-frivolous' basis for venue . . .

---

[8] The Court notes that the six employees AMT is asserting do work on HBM products in Texas but were purportedly left out of Micron's declarations appear to be located in Richardson, Texas, which is outside of this District.

."); *Parus Holdings Inc. v. Google LLC*, No. W-19-CV-00432-ADA, 2020 U.S. Dist. LEXIS 267235, at *13–14 (W.D. Tex. Feb. 27, 2020) (explaining that venue-related discovery is helpful to reduce information asymmetry but may not be appropriate in cases where such discovery is clearly a "fishing expedition").

For this Court to decide on Micron's Motion to Transfer, it will consider private factors including "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). It will also looks to public factors, including "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Few of these factors require any discovery at all, and those that do can be addressed with targeted interrogatories and limited requests for documents and admissions. Based on the existing record in this case, the Court does not find that the burden of four depositions (Micron's three declarants and a 30(b)(6) witness) is warranted at this time. The Court will therefore only allow AMT to depose a Rule 30(b)(6) witness in preparation for responding to Micron's transfer motion.

Accordingly, **IT IS ORDERED** that AMT's Motion for Leave to Conduct Venue Discovery, (Dkt. 40), is **GRANTED IN PART AND DENIED IN PART**, such that AMT may serve Micron with seven interrogatories, ten document requests, and ten requests for admission. Additionally, AMT may depose a Rule 30(b)(6) witness for up to 4.0 hours.

**IT IS FURTHER ORDERED** that venue discovery shall close on **April 13, 2026**.

**IT IS FINALLY ORDERED** that, in accordance with the Court's Text Order on November 10, 2025, AMT's response to Micron's Motion to Transfer, (Dkt. 32), shall be filed on or before **April 27, 2026**, and Micron's reply in support of its Motion to Transfer shall be filed within fourteen days of AMT's response.

**SIGNED** on January 13, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

7