# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Advanced Memory Technologies, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:25-cv-001036-ADA-SH** |
| | § | |
| | § | |
| **Micron Technology, Inc.,** | § | |
| *Defendant* | § | |
| | § | |

## ORDER

Before the Court are Defendant's Opposed Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), filed October 31, 2025 (Dkt. 32 (sealed) and Dkt. 52 (redacted)); Plaintiff's response, filed June 4, 2026 (Dkt. 79 (sealed) and Dkt. 81 (redacted)); and Defendant's reply, filed June 16, 2026 (Dkt. 85 (sealed) and Dkt. 89 (redacted)).[1]

## I.    Background

Plaintiff Advanced Memory Technologies, LLC ("AMT") brings this patent infringement suit against Defendant Micron Technology, Inc. AMT alleges that Micron manufactures and sells NAND flash memory modules and dynamic random access memory ("DRAM") modules that infringe AMT's asserted patents.

In its Amended Complaint, AMT alleges that Austin, Texas is where Micron "leads its research in storage software and where Micron engineers are uncovering a path to better architect storage

---

[1] By Text Order entered April 21, 2026, the District Court referred the motion to this Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). The Court instead issues this Order because a motion to transfer venue is not dispositive. *In re U.S. Dep't of Educ.*, 25 F.4th 692, 699 (9th Cir. 2022) ("The order here merely transferred the action to another federal court and did not affect the viability of a claim or defense or the federal appellate courts' ability to correct errors. Thus, the transfer order was nondispositive, and the magistrate judge had jurisdiction to enter it."); *Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*, 646 F. Supp. 3d 795 (W.D. Tex. 2022), *aff'd*, No. SA-22-CV-00767-JKP, 2023 WL 2145555 (W.D. Tex. Feb. 16, 2023).

software and operating systems." Dkt. 33 ¶ 9. It alleges that Micron "engages in memory device design, development, and ongoing customer support in this District" and is expanding its NAND and DRAM technology workforce in Austin. *Id.* ¶ 11.

Micron asks the Court to transfer this case to the District of Idaho or the Northern District of California under § 1404(a). Dkt. 52. Micron argues that its headquarters are in Boise, Idaho and the "vast majority of design and development work for the accused technology occurs in Micron's Boise facility as well as its facility in Northern California." *Id.* at 5. AMT opposes transfer, arguing that Micron has not shown either transferee venue to be clearly more convenient. Judge Pitman permitted AMT to conduct limited venue discovery, which is complete. Dkt. 56.

## II.    Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A party seeking a transfer under § 1404(a)

> must show good cause by clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice. When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected. When a defendant is haled into court, some inconvenience is expected and acceptable. Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer. In other words, the standard is not met by showing one forum is more likely than not to be more convenient, but instead the party must adduce evidence and arguments that clearly establish good cause for transfer based on convenience and justice.

*Defense Distrib. v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) 30 F.4th 414 (cleaned up).

The transfer analysis proceeds in two parts. First, the court asks whether the case "might have been brought" in the destination venue. 28 U.S.C. § 1404(a). If the answer is yes, then the court must consider whether the movant has shown good cause for the transfer, that is, that the

destination venue is "clearly more convenient than the venue chosen by the plaintiff." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*"). Courts consider several private and public interest factors. But not all factors apply in every case; they "are not necessarily exhaustive or exclusive," and "none . . . can be said to be of dispositive weight." *Id.* (citation omitted).

## A.  This Case Could Have Been Brought in Either Transferee Court

Micron argues, and AMT does not dispute, that this case could have been brought in either the District of Idaho or the Northern District of California. Federal district courts have original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because AMT asserts claims for patent infringement. Dkt. 33 ¶ 3. And Micron is subject to specific personal jurisdiction in both the District of Idaho and the Northern District of California.

In patent infringement cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Venue is proper in either the District of Idaho or the Northern District of California because Micron has "used, offered to sell, or sold" the alleged infringing products and maintains regular and established places of business in both venues. Dkt. 52 at 9.

## B.  Transfer Factors

Having found that this action could have been brought in the proposed transferee districts, the Court assesses the relevant factors to determine whether Micron has shown that either venue is "clearly more convenient than the venue chosen by the plaintiff." *Volkswagen II*, 545 F.3d at 315. In support of its motion, Micron offers declarations from three employees with experience in NAND product design, DRAM product design, and DRAM sales and marketing, respectively.

AMT argues that the Court should disregard Micron's proffered declarations, but the Court finds them reliable.

### 1. Private Interest Factors

The private interest factors are the (1) relative ease of access to sources of proof, (2) availability of compulsory process to secure the attendance of witnesses, and (3) cost of attendance for willing witnesses, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen II*, 545 F.3d at 315.

### a. Relative Ease of Access to Sources of Proof

The first private interest factor focuses on the location of documents and physical evidence relating to the case. *Id.* at 316. The court must assess "whether the evidence is relatively easier to access in the transferee forum." *BuzzBallz, LLC v. MPL Brands NV, Inc.*, No. 1:23-CV-1115-RP, 2024 WL 3282492, at *4 (W.D. Tex. July 2, 2024). When most evidence is electronic and equally accessible in either forum, this factor bears less strongly on the transfer analysis. *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023).

In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *DH Int'l Ltd. v. Apple Inc.*, No. 1:23-CV-1114-DII, 2024 WL 4119374, at *2 (W.D. Tex. Aug. 30, 2024) (citation omitted). Micron states that most of the relevant evidence is stored as hard copies in its Boise facility or in cloud-based storage. The cloud-based documents include design and sales and marketing files relating to the accused products. Micron argues that the design files are access-controlled and inaccessible to any Micron employee based in this District but can be accessed by employees in the District of Idaho or the Northern District of California who designed or develop the accused products. The Court finds that the design documents are "not equally accessible in either forum." *In re TikTok, Inc.*, 85 F.4th at 359 (citation

4

omitted); *see also BuzzBallz, LLC*, 2024 WL 3282492, at *4 (finding that this factor favored transfer when there was no evidence that employees in this District maintained or had access to relevant sources of proof).

AMT argues that sales documents originated in and are accessible from this District, so this factor does not favor transfer. Dkt. 81 at 16. The Court finds that this information is "easily accessible in either forum" and not highly relevant to this analysis. *In re TikTok, Inc.*, 85 F.4th at 359.

Because Micron shows that access to at least some relevant sources of proof is easier in the transferee districts than in the Western District of Texas, the Court finds that this factor favors transfer to the District of Idaho, where cloud-based and hard-copy evidence is easily accessible.

### b.  Availability of Compulsory Process

The second factor is "the availability of compulsory process to secure the attendance of witnesses." *Volkswagen II*, 545 F.3d at 316. District courts have the authority to compel non-party witnesses to attend a trial, hearing, or deposition conducted "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1)(A). This factor favors transfer when non-party witnesses are outside the District's subpoena power and "a proper venue that does enjoy absolute subpoena power for both depositions and trial" is available. *TikTok*, 85 F.4th at 360 (citation omitted). This factor is given "less weight when it has not been alleged or shown that any witness would be unwilling to testify." *Id.* at 361.

AMT argues that Micron's Texas customers employ potential unwilling witnesses located within 100 miles of this District. But Micron argues, and the Court agrees, that AMT has not explained why Texas customers "would have information that a customer in another state or [the proposed transferee districts] would not have." *ICharts LLC v. Tableau Software, LLC*, No. 1:23-

CV-1225-DII, 2024 WL 2305214, at *11 (W.D. Tex. May 21, 2024). For that reason, the Court gives little weight to these witnesses. *Id.*

The parties also identify witnesses relevant to Micron's affirmative defenses. Micron identifies four witnesses in the Northern District of California: three former Micron engineers and the predecessor-in-interest of AMT's asserted patents. Micron also identifies an unwilling witness in Idaho. AMT identifies three unwilling witnesses within this Court's subpoena power. Because the Northern District of California and the Western District of Texas have a similar number of potential unwilling witnesses within their subpoena power, the Court finds that this factor is neutral.

### c. Costs of Attendance for Willing Witnesses

The costs for witnesses to attend "is often considered the most important factor" in deciding whether to transfer venue. *DH Int'l*, 2024 WL 4119374, at *4. "Testifying imposes myriad external costs on witnesses," and the third factor "attempts to internalize and minimize those costs by favoring the venue that is more convenient from the perspective of willing witnesses." *In re Clarke*, 94 F.4th 502, 514 (5th Cir. 2024). Courts in the Fifth Circuit "assesses convenience as a function of distance." *Id.* If the transferee venue is more than 100 miles from the transferor, "the factor of inconvenience borne by witnesses positively and linearly scales with the additional distance they must travel." *Id.* All potential material and relevant witnesses must be considered. *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 765 (E.D. Tex. 2009).

Micron argues that this factor strongly favors transfer because the "vast majority of, if not all, relevant U.S.-based willing witnesses are in either the District of Idaho or the [Northern District of California], and none are in this District." Dkt. 52 at 10. Micron submits evidence that most of the technical employees who worked on the accused NAND and DRAM products are in the District of Idaho and "greatly overshadow[ ]" any Texas witness. *Id.* at 13. AMT contends that this

venue is more convenient for Micron's customer-facing employees, who are based in Austin, and for its witnesses traveling from Europe and the East Coast.

The Court finds that this factor heavily favors transfer. Patent cases usually focus on the activities of the alleged infringer. *BuzzBallz*, 2024 WL 3282492, at *6. While Micron contends that most or all its relevant employees are in Idaho, AMT identifies no witness of its own in this District, and the witnesses it does identify "will have to travel a significant distance regardless of the venue" and should be given no significant weight. *Universal Connectivity Techs. Inc. v. HP Inc.*, No. 1:23-CV-1177-RP ("*UCT*"), 2024 WL 3305724, at *5 (W.D. Tex. July 3, 2024). Because there are more relevant willing witnesses in the District of Idaho than in this District, this factor strongly favors transfer to the District of Idaho.

### d.   All Other Practical Problems

The fourth private interest factor considers "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315. The parties identify no other practical problems affecting the Court's analysis. This factor is neutral.

### 2.   Public Interest Factors

The public interest factors are the (1) administrative difficulties flowing from court congestion; (2) local interest in having localized interests decided at home; (3) familiarity of the forum with the law that will govern the case; and (4) avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Volkswagen II*, 545 F.3d at 315.

### a.   Administrative Difficulties Flowing from Court Congestion

The first public interest factor "concerns whether there is an appreciable difference in docket congestion between the two forums." *UCT*, 2024 WL 3305724, at *6 (citation omitted). Micron shows that the District of Idaho has fewer filings per judgeship and is less congested than the

Western District of Texas. Dkt. 52 at 23; Dkt. 89 at 13. This factor favors transfer to the District of Idaho.

### b. Local Interest in Having Localized Interests Decided at Home

The local interest inquiry looks not to the parties' connections to each forum, but to "the significant connections between a particular venue and the events that gave rise to a suit." *Clarke*, 94 F.4th at 511 (quoting *TikTok*, 85 F.4th at 364). The local interest inquiry is concerned with the interest of non-party citizens in adjudicating the case. *Id.* Considerations such as the location of the injury, witnesses, and the plaintiff's residence "are useful proxies for determining what local interests exist in each venue." *Id.* When, as here, the parties demand a jury trial, localized interests arise if "the citizens of the forum have a sufficient interest in the controversy to justify burdening them with jury duty. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 308 (5th Cir. 2024) (citations omitted).

Micron argues that the transferee districts have a local interest because the accused products were developed there and employees who work on the products primarily are located there, while no relevant activities occurred in this District. Dkt. 52 at 22. AMT argues that the local interest factor is at least neutral because Micron sells accused products to and works with Austin companies.

The Court finds that this factor favors transfer to the District of Idaho. Micron has a general presence in this District, but most relevant witnesses are in the District of Idaho and the creation and development of the accused products primarily took place there. Micron also is headquartered in Idaho and has only a small office in Austin. The location of a company's headquarters generally has a greater local interest in cases than the location of a smaller satellite office. *UCT*, 2024 WL 3305724, at *7 (W.D. Tex. July 3, 2024). Because Micron sells the accused products worldwide,

8

the fact that the Austin office may sell the accused products is afforded no weight. *ICharts LLC*, 2024 WL 2305214, at *14.

### c. Other Factors

The Court agrees with the parties that the remaining public interest factors are neutral.

## C. Conclusion

Because all private and public interest factors either favor transfer to the District of Idaho or are neutral, the Court finds that Defendants have shown good cause for transfer to the District of Idaho. *Defense Distrib.*, 30 F.4th at 433.

The Court **GRANTS** Defendant Micron Technology, Inc.'s Opposed Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. 32 (sealed) and Dkt. 52 (redacted)) and **ORDERS** that this matter be **TRANSFERRED** to the District of Idaho.

**SIGNED** on July 6, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

9